JOHNSON BROTHERS & CO. v. GABRIEL A. TAYLOR.

The right to set off one judgment against another can not be defeated by the plaintiff, in the later judgment, making an assignment of his *expected* judgment to a third party.

SPECIAL TERM.—The facts sufficiently appear in the decision.

*E. M. Johnson,* for plaintiffs.

*Worthington & Matthews,* for defendant.

SPENCER, J.  The facts of this case are these: Morse & Coleman sued out an attachment against Benjamin F. Bruce, and gave bond, with Gabriel Taylor as surety, to indemnify the defendant in the attachment.  On motion, the attachment was dissolved, but Morse & Coleman recovered a judgment in the action for $1,033.33.  Bruce brought an action against Morse & Coleman and Taylor, on the attachment bond, in which Taylor alone was served with process, for improperly suing out the attachment, and recovered a judgment therein for $520.  On the day when the verdict was rendered in this action against Taylor, Bruce made an assignment of the expected recovery to the present plaintiffs.  The court, on application being made by Taylor and the other parties for a new trial, consented to grant the same, unless a *remittitur* was entered by the plaintiffs, which was done, reducing the verdict to $500, for which judgment was afterward rendered. Both judgments were rendered in this court.  Subsequently a motion was made by Taylor, with the assent of Morse & Coleman, to offset the latter judgment against the former *pro tanto*.  The motion was resisted by Johnson Brothers & Co., who claim as assignees of Bruce.  The court, however, allowed the set-off, ordered the judgment of Bruce to be entered satisfied, perpetually stayed its collection, and ordered a credit to the amount of it (saving $100 allowed to the attorneys for obtaining it), to be entered on the judgment in favor of Morse

& Coleman against Bruce. This allowance, however, was granted, as expressed in the order, without prejudice to the rights of Johnson & Brothers under their assignment.

I am not disposed in any wise to question the propriety of this order. Although the judgments were not strictly between the same parties, and could not, therefore, ordinarily form the subject-matter of a set-off, yet the parties (Morse & Coleman) entitled to receive the amount due upon the one, were the parties, as principals, primarily bound to pay the other. They were bound to shield Taylor from the payment of it, and had assigned to him in equity for that purpose. It was equitable and proper, therefore, as between these parties, that the one judgment should be set-off against the other. If this decision be correct, it settles the right also as against the present plaintiffs; and there can be no doubt that the set-off would have been allowed, without a reservation of their rights, had they been parties to the record, so as to be absolutely bound by the motion and order. If Morse & Coleman had an equity to set-off the one demand against the other, it would not be defeated by an assignment to Johnson Brothers. The equity attached, *eo instanti*, there was a recovery against them, and the assignment to Johnson & Brothers could take effect no sooner. It was a chose in action of the kind which could not be assigned, either at law or in equity, until after it became a debt by the recovery, and the moment it became such a debt, the right of set-off attached. At this point of time, the assignor became subject to the equity of Morse & Coleman, and could not transfer a better right than he himself possessed.

Judgment, therefore, will be rendered for the defendant.